**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:25-cv-01983-DDD-TPO

CRISTIAN ARGUETA ANDRADE,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Aurora Contract Detention Facility;
ROBERT HAGAN, Denver Field Office Director, U.S. Immigration and
    Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland
    Security;
DAVID VENTURELLA, Acting Director of U.S. Immigration and
    Customs Enforcement; and
TODD BLANCHE, Acting Attorney General, U.S. Department of
    Justice,

      Respondents.[1]

---

### ORDER DENYING WRIT OF HABEAS CORPUS

---

Petitioner Cristian Argueta Andrade seeks a writ of habeas corpus directing his release from immigration detention. Docs. 1, 22. For the following reasons, his petition is denied.

### BACKGROUND[2]

The petitioner is a twenty-six-year-old native and citizen of El Salvator. Doc. 22 at 2, 5, 7; Doc. 25-1 at 3, 7. He was abandoned by his

---

[1]   To the extent that any of the original respondents has ceased to hold office during the pendency of this action, that party's successor "is automatically substituted as a party," and "any misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

[2]   In this Order, all pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the

- 1 -

family at the age of thirteen and subsequently suffered severe abuse by the MS-13 gang. Doc. 1 at 2-3, 7-8; Doc. 22 at 2-3, 7-8. He was also physically abused by Salvadoran police and military officials. Doc. 1 at 8; Doc. 22 at 8.

The petitioner fled El Salvador at the age of sixteen and entered the United States as an unaccompanied minor in May 2016. Doc. 1 at 8; Doc. 22 at 8; Doc. 25-1 at 3. On May 8, 2016, Customs and Border Protection issued a Notice to Appear to the petitioner, initiating removal proceedings under 8 U.S.C. § 1229a. Doc. 25-1 at 3. On May 26, 2016, the petitioner was released to the custody of his father. Doc. 25-1 at 3. In immigration court, the petitioner filed a Form I-360 seeking Special Immigrant Juvenile status and conceded his removability as charged in the Notice to Appear. *Id.* at 4. The petitioner was eventually granted Special Immigrant Juvenile status. *Id.*; Doc. 1 at 8; Doc. 22 at 8. Noncitizens granted that status are considered paroled into the United States and may eventually qualify for adjustment to Lawful Permanent Resident status. *See* Doc. 1 at 8-9; Doc. 22 at 8-9; 8 U.S.C. §§ 1101(a)(27)(J), 1255(h); 8 C.F.R. § 245.1(e)(3).

The petitioner, however, committed several criminal offenses between 2019 and 2021. Doc. 1 at 9; Doc. 1-1 at 21; Doc. 22 at 9; Doc. 25-1 at 4-5. At least one those offenses was a controlled-substance offense. Doc. 1 at 9; Doc. 1-1 at 21; Doc. 22 at 9; Doc. 25-1 at 4-5. On August 31, 2023, Immigration and Customs Enforcement encountered the petitioner while he was detained at the Fremont Correctional Facility in Cañon City, Colorado. Doc. 25-1 at 4. ICE took the petitioner into custody and detained him pursuant to 8 U.S.C. § 1226(c), and he has

---

top of each page, which may differ from a document's internal pagination.

remained in detention since that time. *Id.* at 4-5; Doc. 1 at 2, 3, 5, 10; Doc. 22 at 2, 3, 5, 10.

The petitioner fears persecution if he is removed to El Salvador, and he sought deferral of removal under the Convention Against Torture. Doc. 1 at 2-3, 10; Doc. 22 at 2-3, 10; Doc. 25-1 at 5. On February 6, 2024, an Immigration Judge ordered the petitioner be removed to El Salvador and denied his application for CAT protection. Doc. 1 at 10; Doc. 22 at 10; Doc. 25-1 at 5. The petitioner appealed that decision, and on August 7, 2024, the Board of Immigration Appeals remanded his case for further factfinding. Doc. 1 at 10; Doc. 22 at 10; Doc. 25-1 at 5-6; Doc. 27 at 6. On remand, a different IJ considered the petitioner's case, and in January 2025, that IJ again ordered the petitioner removed to El Salvador and denied his application for CAT protection. Doc. 1 at 10; Doc. 22 at 10; Doc. 25-1 at 6. The petitioner again appealed to the BIA, and on July 16, 2025, the BIA affirmed the second IJ's decision and dismissed the petitioner's appeal. Doc. 22 at 10; Doc. 25-1 at 6. The petitioner appealed the BIA's decision to the Tenth Circuit, which has stayed his removal pending resolution of the appeal. Doc. 22 at 10-11; Doc. 25-1 at 6-7. In August 2025, the petitioner filed a motion to reopen his case before the BIA. Doc. 22 at 10; Doc. 25-1 at 7. The Tenth Circuit is holding the petitioner's appeal in abeyance pending the BIA's decision on the motion to reopen. Doc. 22 at 11; Doc. 25-1 at 7. That motion and the Tenth Circuit appeal remain pending. Doc. 25-1 at 7.

The petitioner has now been detained for approximately thirty-three months, and he contends that his prolonged detention without an individualized bond hearing violates his right to due process. Doc. 1 at 11-20, 25; Doc. 22 at 12-21, 25-26. He suffers from post-traumatic stress disorder, major depressive disorder, and general anxiety disorder,

and his mental-health symptoms are exacerbated in detention. Doc. 1 at 2, 9, 10-11; Doc. 1-2; Doc. 22 at 2, 9, 11.

## LEGAL STANDARD

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief may be granted if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to hear statutory and constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th Cir. 2001).

## DISCUSSION

While removal proceedings are being adjudicated, a noncitizen may be detained under 8 U.S.C. § 1225 or 1226. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28, 533 (2021); *Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018). The petitioner here acknowledges that he is detained under Section 1226(c), which mandates detention for noncitizens who have committed certain criminal offenses. *See* Doc. 1 at 2, 3, 4, 7; Doc. 22 at 2, 3, 4, 7. Noncitizens subject to mandatory detention under Section 1226(c) may not be released on bond, conditional parole, or humanitarian parole while their removal proceedings are pending. 8 U.S.C. § 1226(a) & (c)(4).

And as I and other courts have previously explained, mandatory detention under Section 1225(b) or Section 1226(c) during the pendency of

removal proceedings—even prolonged detention—does not violate noncitizens' procedural or substantive due-process rights, absent some unreasonable delay by the government in pursuing and completing those proceedings.[3] The petitioner here has been detained for approximately thirty-three months, and both sides argue that the other has contributed to delays in immigration court. Having reviewed the procedural history of the petitioner's case, I see no indication that any delay caused by the government was due to bad faith or rises to the level of unreasonable, improper, or arbitrary delay.[4] "[B]ack-and-forth rulings, plus

---

[3]    *See Demore*, 538 U.S. at 531 ("Detention during removal proceedings is a constitutionally permissible part of that process."); *Banyee v. Garland*, 115 F.4th 928, 931-33 (8th Cir. 2024) (adopting "bright-line rule" that "the government can detain an alien for as long as deportation proceedings are still 'pending'" (emphasis omitted)); *Singh v. Baltazar* (*Lovepreet Singh*), No. 1:26-cv-01076-DDD-TPO, 2026 WL 1282828, at *5 to *7 (D. Colo. May 11, 2026); *Orande Ahinsha Richards v. Choate*, No. 1:25-cv-03134-DDD-STV, 2025 WL 4474703, at *4 to *7 (D. Colo. Dec. 5, 2025); *Doe v. Bondi*, No. 1:25-cv-02712-DDD-SBP, 2025 WL 3516292, at *4 to *9 (D. Colo. Nov. 4, 2025); *Giraldo Nieto v. Ceja*, No. 1:24-cv-02821-DDD-NRN, 2025 WL 4087626, at *5 to *9 (D. Colo. June 12, 2025); *Aguayo v. Martinez*, No. 1:20-cv-00825-DDD-KMT, 2020 WL 2395638, at *3 to *4 (D. Colo. May 12, 2020); *Melgar Hernandez v. Blanche*, No. 1:26-cv-00600-DDD-STV, slip op. at 12 (D. Colo. Apr. 29, 2026), ECF No. 13; *Valle-Rodriguez v. Hagan*, No. 1:26-cv-00609-DDD-CYC, slip op. at 14-15 (D. Colo. Apr. 22, 2026), ECF No. 11; *Singh v. Blanche* (*Gurmeet Singh*), No. 1:26-cv-00421-DDD-KAS, slip op. at 15-16 (D. Colo. Apr. 15, 2026), ECF No. 12; *Utoliti v. Ceja*, No. 25-cv-00418-GPG-CYC, 2025 WL 2418598, at *3 to *6 (D. Colo. May 29, 2025); *Bonilla Espinoza v. Ceja*, No. 1:25-cv-01120-GPG, slip op. at 12-19 (D. Colo. May 21, 2025), ECF No. 11; *Cisneros v. Noem*, 820 F. Supp. 3d 1265, 1275-76 (D. Utah 2026); *Singh v. Noem* (*Bachitar Singh*), No. CIV 25-1110 JB/KK, 2026 WL 146005, at *36 to *39 (D.N.M. Jan. 20, 2026).

[4]    *See, e.g.*, *Giraldo Nieto*, 2025 WL 4087626, at *7 to *9 (thirty-two-month detention under Section 1225(b)); *Utoliti*, 2025 WL 2418598, at *1 to *6 (twenty-five month detention under Section 1226(c)); *Gonzalez Aguilar v. McAleenan* (*Gonzalez Aguilar I*), No. 19-cv-0412 WJ/SMV, 2019 WL 5864821, at *11 (D.N.M. Nov. 8, 2019) (R. & R.) (twenty-seven-month detention under Section 1225(b)), *adopted sub nom. Gonzalez Aguilar v. Wolf* (*Gonzalez Aguilar II*), 448 F. Supp. 3d 1202

general administrative backlogs" do not "turn otherwise legal detention into unconstitutional punishment."[5] *Banyee*, 115 F.4th at 934.

## CONCLUSION

It is **ORDERED** that:

The Court's Order to Show Cause, Doc. 19, is **DISCHARGED**, and the Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, **Doc. 1**, and Supplement thereto, **Doc. 22**, are **DENIED** and **DISMISSED WITHOUT PREJUDICE**;

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to: (1) substitute Juan Baltazar, Warden of the Aurora Contract Detention Facility, in place of Respondent Dawn Ceja; (2) substitute Robert Hagan, Denver Field Office Director, U.S. Immigration and Customs Enforcement, in place of Respondent Robert Guadian; (3) substitute Markwayne Mullin, Secretary, U.S. Department of Homeland Security, in place of Respondent Kristi Noem; (4) substitute David Venturella, Acting Director of U.S. Immigration and Customs Enforcement, in place of Respondent Todd M. Lyons; and (5) substitute Todd Blanche, Acting Attorney General, U.S. Department of Justice, in place of Respondent Pam Bondi; and

---

(D.N.M. 2020); *Rodriguez Figueroa v. Garland*, 535 F. Supp. 3d 122, 127-28 (W.D.N.Y. 2021) (over thirty-two-month detention under Section 1225(b)).

[5]    To the extent the petitioner's due-process claim is premised on the conditions of his detention or the unavailability of adequate mental-health treatment, his claim is not cognizable in habeas proceedings because release is not an available remedy. *See Basri v. Barr*, 469 F. Supp. 3d 1063, 1065-71 (D. Colo. 2020) ("[W]hen one is challenging the conditions of confinement, the remedy is to require those conditions to be addressed. The means of doing so is . . . a civil-rights suit, not a [habeas] petition under Section 2241."); *accord Doe*, 2025 WL 3516292, at *9 n.14; *Giraldo Nieto*, 2025 WL 4087626, at *9 & nn.14-15.

The Clerk of Court is **FURTHER DIRECTED** to enter final judgment and close this case.

DATED: June 2, 2026                    BY THE COURT:

_____
Daniel D. Domenico
Chief United States District Judge